UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| ANTHONY LETUKAS, | ) CIVIL COMPLAINT |
| Plaintiff, | ) |
| v. | ) Case No. 1:21-cv-100 |
| CAPITAL LINK MANAGEMENT, LLC, and UHG I LLC, | ) |
| Defendants. | ) **JURY DEMAND** |

# COMPLAINT

Now come ANTHONY LETUKAS ("Plaintiff"), complaining as to CAPITAL LINK MANAGEMENT, LLC and UHG I LLC ("Defendants"), as follows:

## JURISDICTION

1. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as the action arises under the laws of the United States.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## PARTIES

3. Plaintiff is a natural person residing in Pennsylvania.

4. Defendant Capital Link Management, LLC is a New York limited liability company with its principal place of business in this District.

5. Defendant Capital Link Management, LLC is a third-party debt collector whose primary purpose is the collection of defaulted consumer accounts.

[1]

6. Defendant UHG I LLC is a Delaware limited liability company with its principal place of business in this District. Defendant UHG I LLC is a purchaser of defaulted consumer accounts.

7. Defendant UHG I LLC has, as its sole business purpose, the collection of those defaulted consumer accounts.

## BACKGROUND

8. Plaintiff obtained loan from LendingClub Corporation with an original creditor account number ending in 4462 (the "account").

9. Plaintiff used the proceeds of this loan for personal and household purposes, such as paying his bills and buying groceries.

10. Upon information and belief, the amount of the loan was approximately $1,500.

11. Plaintiff did not use the proceeds of the loan for any business or commercial purpose.

12. After the account went into default, LendingClub Corporation sold it. Defendant UHG I LLC purchased the account.

13. Defendant UHG I LLC then hired Defendant Capital Link Management, LLC to collect upon the account.

14. Upon information and belief, the contract between Defendant UHG I LLC and Defendant Capital Link Management, LLC, establishes a principal-agent relationship with UHG I LLC being the principal and Capital Link Management, LLC being the agent.

15. According to Defendant UHG I LLC's website, "We are active participants of the receivables management industry and we strive to provide compliant solutions, exceeding compliance requirements and consumer expectations. Many financial institutions select United Holding Group as a partner because of our unparalleled commitment to compliance. Our compliant approach to receivables management has made us a valuable solution for creditors to divest of portfolios."

16. Upon information and belief, Defendant UHG I LLC retained the right to control Defendant Capital Link Management, LLC's collection activities, including (but not limited to) by doing the following:

    a. Reserving the right to "recall" debts placed with Capital Link Management, LLC at any time, especially in the event that Capital Link Management, LLC fails to comply with federal or state laws;

    b. Requiring Capital Link Management, LLC to maintain a compliance management system ("CMS") that meets UHG I LLC's reasonable expectations;

    c. Requiring Capital Link Management, LLC to maintain recordings of its telephone calls with consumers; and

    d. Requiring Capital Link Management, LLC to notify UHG I LLC of consumer complaints and lawsuits.

17. Although Defendant UHG I LLC had the right to control Defendant Capital Link Management, LLC's actions, it failed to prevent Capital Link Management, LLC from taking the actions described in this Complaint.

18. In fact, Defendant UHG I LLC almost exclusively hires third-party debt collectors that it knows regularly violate the FDCPA.

19. On information, reference, and belief, Defendant UHG I LLC knew that Capital Link Management, LLC regularly violates the FDCPA.

20. Defendant UHG I LLC knew or should have known of the numerous complaints that consumers have lodged with the Consumer Financial Protection Bureau ("CFPB") for taking actions such as:

    a. Falsely threatening legal action on a payday loan (Complaint No. 3410672);

    b. Using obscene, profane, or abusive language (Complaint No. 3464172);

    c. Falsely stating that it was a "mediation company" with the ability to begin garnishment proceedings (Complaint No. 3480739);

    d. Revealing the existence of a consumer's debt to family members (other than spouses) without consent, and repeatedly calling and harassing those family members (Complaint No. 3490828);

    e. Sending false emails claiming that consumers agreed to pay when they did not, and refusing to send § 1692g notices by regular mail (Complaint No. 3504153).

21. On information and belief, Defendant UHG I LLC prefers to hire debt collectors that it knows commit these types of FDCPA violations because this increases its return on investment.

[ 4 ]

22. On January 21, 2020, at approximately 10:10 A.M., Defendant Capital Link Management, LLC left Plaintiff the following 32-second voicemail message, calling from the number 833-750-0010:

> Hi, Anthony Letukas, my name is Danielle Beech. I'm calling from CLM Mediation Legal Department. I was calling regarding a petition for judgment. I'm almost placing a lien for judgment on the property of 20 Oak Dr. It is imperative that I speak with either you or an attorney on your behalf as soon as possible. I will be in my office today until 5:00 P.M. and I can be reached directly at 833-750-0010. Thank you.

23. The claims made on this voicemail are false.

24. Defendant Capital Link Management, LLC, is not, and does not have, a "Mediation Legal Department."

25. Defendants had no legal ability or intention to draft, file, obtain, or use a "petition for judgment."

26. Defendants had no legal ability or intention to place a lien for judgment on 20 Oak Dr., which is Plaintiff's residence.

27. It was not imperative that Defendants speak with Plaintiff or his attorney as soon as possible.

28. In fact, on January 21, 2020, Defendant Capital Link Management, LLC, sent Plaintiff an email attachment in which it stated the following:

> "The law limits how long you can be sued on a debt. Because of the age of your debt, Capital Link Management cannot sue you for it. If you do not pay the debt, Capital Link Management may report or continue to report it to the credit reporting agencies as unpaid. The law limits how long you can be sued on a debt. Because of the age of your debt, Capital Link Management cannot sue you for it and Capital Link Management cannot report it to any credit reporting agencies."

[ 5 ]

29. Therefore, upon information and belief, Defendant Capital Link Management, LLC could not have sued Plaintiff on the account due to the age of the account.

30. Defendant Capital Link Management, LLC, also called Plaintiff's wife and left a message similar in form and substance to the voicemail transcribed above.

31. Defendant Capital Link Management, LLC, then called Plaintiff's wife's place of employment and left a message with Plaintiff's wife's manager.

32. On that call, Defendant Capital Link Management, LLC's employee, who called herself Danielle Beech, stated that she was calling from "CLM Mediation."

33. Ms. Beech stated that she needed to discuss a "very important legal matter" with Plaintiff.

34. Defendant Capital Link Management, LLC's purposes in placing this call were to embarrass Plaintiff; to reveal damaging information about Plaintiff and Plaintiff's debt; and the bully, intimidate, and harass Plaintiff.

35. Plaintiff then called Defendant Capital Link Management, LLC.

36. Defendant Capital Link Management, LLC stated that Plaintiff's account had a balance of $10,590.40, but that the account could be settled for $8,500.

37. Defendant Capital Link Management, LLC did not provide Plaintiff with a breakdown of principal, interest, and fees.

38. On information and belief, the $10,590.40 amount was artificially inflated, or, at the very least, was calculated using usurious interest rates that are not permitted under either New York or Pennsylvania law.

39. Further, Plaintiff did not receive, and on information and belief, neither Defendant ever sent, the notice of debt collection commonly known as a § 1692g notice.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff realleges the paragraphs above as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA because he incurred a loans used to provide for his own everyday subsistence.

42. Defendant Capital Link Management, LLC is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

43. In the alternative, Defendant Capital Link Management, LLC, is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

44. Defendant UHG I LLC is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.  Specifically, Plaintiff states that the sole purpose of UHG I LLC is to purchase portfolios of defaulted consumer debts and to collect those debts.

45. Defendant Capital Link Management, LLC's actions violated the following provisions of the FDCPA:

a. § 1692c(b) by communicating, in connection with the collect of a debt, with Plaintiff's wife's manager and revealing damaging and embarrassing information about Plaintiff;

b. § 1692e(2)(A) by inflating the amount of Plaintiff's debt, or using usurious and unlawful interest rates in the calculation of Plaintiff's debt, the effect of which was to misstate the character, amount, and legal status of Plaintiff's debt;

c. § 1692e(3) by falsely implying that its communications were from attorneys;

d. § 1692e(4) and § 1692e(5) by falsely representing or implying the nonpayment of the account would result in the filing of a lien on Plaintiff's residence;

e. § 1692e(5) by falsely threatening to file a "petition for judgment";

f. § 1692e generally by referencing a "petition for judgment" that did not exist;

g. § 1692e(11) by failing to disclose in the initial communication that the call was from a debt collector; that the debt collector was attempting to collect a debt; and that any information obtained would be used for that purpose;

h. § 1692e(14) by using the false names "CLM Mediation" and "CLM Mediation Legal Department" in connection with the collection of the account;

      i. § 1692f(1) by attempting to collect an inflated amount not expressly authorized in Plaintiff's loan agreement or permitted by law;

      j. § 1692g(a) by failing to send any written notice to the consumer within five days of the initial communication containing the information specified in § 1692g(a)(3)–(5); and

      k. § 1692g(b) by engaging in collection activities and communications during the 30-day dispute period that overshadowed Plaintiff's rights and were inconsistent with Plaintiff's right to dispute the debt, including threatening Plaintiff with legal action; threatening to put a lien on his residence; threatening him with a "petition for judgment"; and calling his wife and his wife's manager and stating that a "very important legal matter" was ongoing.

46. Defendant Capital Link Management, LLC is directly and/or vicariously liable for the actions of its employees.

47. Defendant UHG I LLC is liable under the FDCPA because it is a debt collector, and is therefore responsible for Defendant Capital Link Management, LLC's actions taken on its behalf to collect its debts. *See Barbato v. Greystone All., LLC*, 916 F.3d 260, 261 (3d Cir. 2019) ("[A]n entity that otherwise meets the 'principal purpose' definition cannot avoid the dictates of the FDCPA merely by hiring a third party to do its collecting."); *see also Mullery v. JTM Capital Mgmt., Ltd. Liab. Co.*, No. 18-CV-549, 2019 U.S. Dist. LEXIS 83139, at *9 (W.D.N.Y. May 16, 2019).

48.     Further, Defendant UHG I LLC is vicariously liable for Defendant Capital Link Management, LLC's actions under traditional agency principles, as Defendant UHG I LLC is the principal and Defendant Capital Link Management, LLC is the agent, and the latter's actions were taken within the scope of the agency relationship.

WHEREFORE, Plaintiff respectfully requests judgment, against both Defendants jointly and severally, as follows:

- a.  Awarding Plaintiff statutory damages;
- b.  Awarding Plaintiff actual damages;
- c.  Awarding Plaintiff reasonable attorney fees;
- d.  Awarding Plaintiff the costs of this action; and
- e.  Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  January 20, 2021

By:  s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 927-5980
jhilton@hiltonparker.com
*Attorney for Plaintiff*